IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. BAILEY,                                           CASE NO. CV-F-06-0460 OWW DLB P

        Plaintiff,                                                  FINDINGS AND RECOMMENDATIONS
                                                                              RE DISMISSAL OF ACTION
    vs.

DERRAL ADAMS,

        Defendant.
_____/

    Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed a complaint seeking relief pursuant to 42 U.S.C. § 1983 on April 21, 2006. In his complaint, plaintiff alleges that Warden Derral Adams altered his custody time and time credits from 80% to 85%. Plaintiff seeks an order modifying his original term start date and reinstating his pre-sentence credits.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Here, plaintiff alleges that Warden Adams wrongfully altered his actual time in custody and his credit earning status.  Plaintiff seeks an order re-instaitng his original term start date and granting him 130 days pre-sentence credits.  Plaintiff also requests an order stating that he is to serve 80% of his sentence pursuant to an open plea agreement.  Because plaintiff challenges the duration of his sentence, his sole federal remedy is a writ of habeas corpus.  Plaintiff may not proceed with a civil rights action because his challenge, if successful, would entitle him to an earlier release.  The court therefore finds that plaintiff has failed to state a cognizable claim for relief under section 1983 and recommends that this action be dismissed.   Further, the court finds that the deficiency in the complaint is not capable of being cured by amendment, and, therefore, leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

1   Accordingly, the court HEREBY RECOMMENDS that this action be dismissed in its entirety,
2 without leave to amend, for failure to state a claim upon which relief may be granted.
3   These Findings and Recommendations will be submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days
5 after being served with these Findings and Recommendations, the parties may file written objections
6 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and
7 Recommendations."  The parties are advised that failure to file objections within the specified time may
8 waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10   IT IS SO ORDERED.
11   Dated:   **November 21, 2006**          /s/ **Dennis L. Beck**
    3b142a                                UNITED STATES MAGISTRATE JUDGE